UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

        Plaintiffs/Counter-Defendants

        Case No. 11-13819
v.        Honorable Julian Abele Cook, Jr.

EDWARD L. JOHNSON, P.C., and EDWARD L.
JOHNSON

        Defendants/Counter-Plaintiffs

ORDER

This is a case in which the Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") complain that the Defendants Edward L. Johnson and Edward L. Johnson P.C. (hereinafter "Johnson") misapplied funds from their client trust accounts. State Farm has also asserted claims of negligence, breach of contract, legal malpractice, and breach of fiduciary duty against Johnson who, in response, contend in a counter-complaint that State Farm has failed to pay for the legal services he rendered.

On November 1, 2012, State Farm filed a motion for the entries of default judgments against Johnson. On the same day, State Farm also filed a motion which seeks the dismissal of the currently pending counter-complaint. These motions were referred to Magistrate Judge Michael Hluchaniuk for his evaluation. On February 4, 2013, Magistrate Judge Hluchaniuk issued a report in which he recommended to the Court that it enter (1) a default judgment against the two Defendants, and (2)

Page 1

an order of dismissal of the counter-complaint. The objections by Johnson which followed are subject to review by this Court on a de novo basis. 28 U.S.C. § 636(b)(1)(C).

In his report, Magistrate Judge Hluchaniuk opined that State Farm was entitled to the entry of a default judgment against Johnson because of his repeated failure to comply with the directives from the Court. It was his belief that Johnson's actions were willful, noting that he had failed to offer any written explanation regarding his conduct, despite being given the opportunity to do so. Additionally, Magistrate Judge Hluchaniuk reflected upon the inability of State Farm to complete the necessary pre-trial discovery that would be necessary to prepare for trial. Significantly, Johnson had been previously warned by the Court that his failure to comply could result in a default judgment.

Magistrate Judge Hluchaniuk also expressed the view that State Farm was entitled to the entry of a default judgment against Johnson PC, after noting that federal law requires corporations, partnerships, or associations to be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). The Sixth Circuit has held that a default judgment is appropriate when a corporate defendant has failed to obtain counsel. *See Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011). Johnson PC has failed to obtain counsel, despite being specifically warned that a failure to obtain counsel would result in a default judgment.

Johnson's first objection reflects his belief that a default judgment against him is inappropriate because he (1) has not violated any of the prior order of the Court, and (2) has fully responded to all discovery requests. However, a review of the official record in this cause does not support Johnson's argument on this issue. For instance, Johnson agreed to a consent order which compelled him to respond to State Farm's first and second sets of discovery requests on or before

October 23, 2012. He failed to do so. This failure formed a partial basis for State Farm's request for a default judgment against him. Magistrate Judge Hluchaniuk, upon the completion of a hearing on State Farms' motion for default judgment, entered an order which granted Johnson an opportunity to supplement his responses by January 9, 2013. In this order, Johnson was expressly warned that, "if the responses are found to be substantially inadequate, sanctions may be imposed including [the entry of a default against him and a dismissal of the counterclaim]."

Johnson violated that order when he failed to timely submit any additional responses on or before the designated date. Although he submitted incomplete and insufficient responses at a later date, Magistrate Judge Hluchaniuk appropriately found, among other things, that his conduct had been willful.

Johnson's second objection is an echo of his first objection, stating that "there is no evidence [that he failed] to cooperate in discovery due to wilfulness, bad, faith or fault." However, this argument is without any persuasive power and must be rejected for the reasons that have been mentioned above.

Johnson's third objection alleges that State Farm has failed to respond to requests for discovery. This allegation is irrelevant to the matter at hand. State Farm's alleged failure to respond has no impact on Johnson's ability to fully comply with discovery requests and the orders of he Court.

Johnson's remaining objections merely restate his previous objections. Based on the foregoing analysis, the Court adopts the Report of Magistrate Judge Hluchaniuk in its entirety. Therefore, State Farm's motion for default judgment as to Edward L. Johnson P.C. and Edward L. Johnson is granted. (ECF 31). State Farm's motion to dismiss Edward L. Johnson's counterclaim

is granted. (ECF 32).

    IT IS SO ORDERED.

Date: June 6, 2013                                       s/Julian Abele Cook, Jr.
                                                                JULIAN ABELE COOK, JR.
                                                               U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 6, 2013.

                                                                                    s/ Kay Doaks
                                                                                    Case Manager